UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

      v.                                                              Crim. Action No. 2:17–cr–109

Tonyel Colby

### REPORT AND RECOMMENDATION
(Docs. 49, 53)

      Tonyel Colby, proceeding *pro se*, has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence imposed on her in this district following her plea of guilty to one count of possession with intent to distribute cocaine base, and one count of knowingly and intentionally distributing fentanyl, each in violation of 21 U.S.C. § 841(a). (Doc. 46.) On December 19, 2018, United States District Judge William K. Sessions III sentenced Colby to a term of imprisonment of 60 months, to be followed by a four-year term of supervised release. (*Id.*) Colby did not file a direct appeal of that sentence until August 28, 2019. (Doc. 54.) That late filed Notice of Appeal remains pending before the Court of Appeals.

      Colby now asserts that she received ineffective assistance of counsel prior to her plea of guilty and at the time of sentencing, in violation of the Sixth Amendment to the United States Constitution. (Doc. 49 at 1.) She raises five overlapping claims regarding the effectiveness of her counsel: (1) failure to secure a reduced sentence pursuant to USSG § 5C1.2; (2) failure to raise medical issues at sentencing; (3) failure to investigate the case; (4) failure to present mitigating

factors and witnesses; and (5) failure to present a defense. (*Id.*) She further asserts that she did not voluntarily accept the plea agreement because she was faced with "the threat of more time" if she did not. (*Id.*) In response, the government has filed a Motion to Dismiss Without Prejudice, mainly arguing that Colby's § 2255 Motion is too vague and ambiguous for the government to meaningfully respond to her allegations.[1] (Doc. 53.)

For the reasons set forth below, I recommend that the government's Motion to Dismiss Without Prejudice (Doc. 53) be GRANTED, and that Colby's § 2255 Motion (Doc. 49.) be DISMISSED. I further recommend that Colby be granted leave to file an amended § 2255 motion within 30 days of the Court's acceptance of this Report and Recommendation.

## Analysis

### I.  Simultaneous Adjudication of § 2255 Motion and Direct Appeal

Because Colby has filed a Notice of Appeal since the filing of her § 2255 Motion, the Court must first determine whether it should consider the § 2255 Motion pending completion of the direct appeal. A criminal defendant may challenge her conviction by either direct appeal to the appellate court or by collateral attack, seeking a writ of habeas corpus from the federal district court under 28 U.S.C. § 2255. *United States v. Vilar*, 645 F.3d 543, 546 (2d Cir. 2011). Although there is no jurisdictional bar to simultaneous adjudication, *see United*

---

[1] The government also points out that Colby's § 2255 Motion does not comply with Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings, which requires that a motion filed under 28 U.S.C. § 2255 "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant."

*States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), "habeas petitions filed before the petitioner has exhausted his direct appeal are generally considered premature." *Wall v. United States*, 619 F.3d 152, 154 & n.2 (2d Cir. 2010) (per curiam). The inquiry centers on judicial economy and the potential for the results of the direct appeal to "make the district court's efforts on the § 2255 motion a nullity." *Outen*, 286 F.3d at 632; *see also Vilar*, 645 F.3d at 548 ("Absent a showing that the habeas application is much more promising, judicial economy would seem to favor pursuing the direct appeal first.").

Here, Colby was sentenced on December 19, 2018 (Doc. 46), and was required to take a direct appeal to the Second Circuit Court of Appeals within 14 days of that date. Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed."). Colby did not file a notice of appeal until August 28, 2019. (Doc. 54.) As her direct appeal is clearly untimely, her § 2255 Motion is necessarily "much more promising." *Vilar*, 645 F.3d at 548. Similarly, disposition of the direct appeal will not render the Court's current adjudication of the § 2255 Motion a nullity. Accordingly, the Court finds it appropriate to consider Colby's instant Motion.

## II. Failure to State Facts Supporting § 2255 Motion

Under 28 U.S.C. § 2255(a), "[a] prisoner in custody" may collaterally attack her sentence on "the ground that [it] was imposed in violation of the Constitution or laws of the United States." The statute provides relief only "for a constitutional

3

error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)). As the petitioner, Colby bears the burden of establishing any claim under § 2255 by a preponderance of the evidence. *See Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000). While prisoner *pro se* filings are to be liberally construed, *see McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999), *pro se* litigants are not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks omitted).

Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings requires motions filed under § 2255 to "state the facts supporting each ground." *See also LoCascio v. United States*, 395 F.3d 51, 57 (2d Cir. 2005) ("The petitioner must set forth specific facts which he is in a position to establish by competent evidence." (internal quotation marks omitted)). "Airy generalities, conclusory assertions[,] and hearsay statements" are inadequate to support a § 2255 claim. *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987); *see also United States v. Wint*, Crim. Action No. 1:12-cr-85-jgm, 2017 WL 1901674, at *10 (D. Vt. Feb. 3, 2017) (Conroy, Mag. J.) (collecting cases), *report and recommendation adopted*, 2017 WL 1900284 (D. Vt. May 9, 2017). Where allegations of ineffective assistance of counsel are "vague, conclusory, and unsupported by citation to the record, any affidavit, or any other source," dismissal of the § 2255 motion without prejudice to the filing of an

4

amended motion supporting such claims may sometimes be appropriate.  *See Foxworth v. United States*, Civil Action No. 3:08cv813(VLB), 2011 WL 3041057, at *4, *8 (D. Conn. July 25, 2011) (quoting *Vasquez v. United States*, No. 96 CIV. 2014(PKL), 1997 WL 148812, at *2 (S.D.N.Y. Mar. 28, 1997)).

   Here, Colby's § 2255 Motion consists of one and one-half pages, setting forth six conclusory grounds for relief.  (Doc. 49 at 1.)  The Motion asserts that Colby "has never seen the information VSP used to obtain [the] warrant in the first place." (*Id*.)  The Motion also makes vague reference to "rent money verified and electronics that were never returned" to Colby as well as "the issue with the weight[] of the instant offense."  (*Id*.)  The Motion further claims that Colby "was suffering from significant medical issues" because "state employees follow federal guidelines, [and] federal inmates according to state employees suffer significantly more due to their procedures."  (*Id*.)

   Finally, the Motion makes several unsupported, conclusory allegations, such as that Colby "was under extreme duress" and that her counsel "brushed over the top of the entire case."  (*Id*.)  She claims that her counsel "did not bring in any mitigating factors, [and] her decision not to act was not from a strategic or tactical point of view.  It was 'I want to get this case over with.'"  (*Id*. at 2.)  The Motion concludes, without further support or explanation, that her counsel "failed the *Strickland* test, [and] her representation fell below the standards of reasonableness."  (*Id*.)

All of the claims set forth in Colby's § 2255 Motion are too vague, conclusory, and unsupported by evidence for the Court to evaluate, let alone provide relief. More fundamentally, the claims are too ambiguous for the government to be able to craft a meaningful response. (Doc. 53 at 5.)  Furthermore, the Court of Appeals has held that, "'except in highly unusual circumstances,' the assertedly ineffective counsel should be afforded 'an opportunity to present evidence, in the form of live testimony, affidavits, or briefs,'" to assist the court in deciding whether his [or her] performance was constitutionally ineffective. *Cox v. Donnelly*, 387 F.3d 193, 201 (2d Cir. 2004) (quoting *Bloomer v. United States*, 162 F.3d 187, 194 (2d Cir. 1998). Former counsel should be afforded that opportunity.  But responding to vague or conclusory claims is exceedingly challenging.  As such, it is important for Colby to allege specific facts, point to relevant excerpts of the hearing transcripts, and provide copies of other evidence she relies on in asserting her claims for ineffective assistance of counsel and duress. *See Foxworth*, 2011 WL 3041057, at *4.  It is therefore recommended that Colby's § 2255 Motion (Doc. 49) be dismissed without prejudice, with leave to file an amended motion that complies more fully with the specificity requirement of Rule 2(b)(2).

## Conclusion

For the reasons stated above, I recommend that the government's Motion to Dismiss Without Prejudice (Doc. 53) be GRANTED, and that Colby's § 2255 Motion to Vacate, Set Aside, or Correct (Doc. 49) be DISMISSED for vagueness.  I further recommend that Colby be granted leave to file an amended § 2255 motion within

6

30 days of the Court's acceptance of this Report and Recommendation. The Clerk of Court is requested to forward to Defendant Colby two blank copies of the form approved by the Administrative Office of the United States Courts for filing Motions Under 28 U.S.C. § 2255 (known as form AO 243) to guide Defendant Colby in the preparation of an Amended Motion.

Dated at Burlington, in the District of Vermont, this 1st day of October 2019.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).